

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

*Rod J. Rosenstein*
*United States Attorney*

*Benjamin M. Block*
*Assistant United States Attorney*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

*DIRECT: 410-209-4979*
*MAIN: 410-209-4800*
*FAX: 410-962-3124*
*TTY/TDD: 410-962-4462*

April 29, 2011

Honorable Catherine C. Blake
United States District Judge
101 W. Lombard Street
Baltimore, Maryland 21201

     RE: <u>United States v. Shawn Johnson, et al.</u>, Crim. No. CCB-11-0114

Dear Judge Blake:

     I am writing to update the Court with regard to certain discovery matters discussed in Your Honor's letter to counsel dated April 19, 2011 (the "April 19 letter"), and during the conference call with counsel that same day. For ease of review, the following numbered paragraphs correspond to the numbered paragraphs found in the Court's April 19 letter.

     1.    On April 25, 2011, the government produced to defense counsel a CD that contains line sheets/call summaries for every intercepted call, all available draft transcripts of intercepted calls, and approximately 9000 pages of bates-numbered documents, including: criminal history reports for each defendant; Baltimore Police Department incident and arrest reports; search warrant documents and photographs; surveillance reports and photographs; Drug Enforcement Administration reports; CDS analysis reports; wiretap applications, affidavits and court orders; and pen register applications and orders. These documents are organized in folders by category. Every document is word searchable. On April 29, 2011, the government produced two indices to defense counsel to assist them in reviewing the discovery: a document index that lists each document by bates-number, date, defendant's name, and document type; and a defendant index that lists each defendant along with associated phone numbers, persons, addresses, and a non-exhaustive list of pertinent calls. This production constitutes 90% or more of the discovery in this case. The government does anticipate one or more supplemental productions of documents, to include: historical investigative information, surveillance video and jail calls, and additional investigative reports and search warrant materials.

     2.    On April 18, 2011, the government produced to Thomas Saunders, who was acting as discovery counsel for the defendants at the time, twenty-eight copies of fifteen CDs, which contain audio copies of all intercepted calls that are relevant to this case. It is the government's understanding that Mr. Saunders has distributed copies of those fifteen CDs to every defense

counsel. Of course, if any counsel have not received the materials the government will certainly provide copies directly.

      A.      Line sheets and call summaries for every intercepted call were produced to defense counsel on April 25, 2011. As noted during the April 19 conference call, call summaries may not be available for most or all calls deemed non-pertinent by the monitoring agent.

      B.      As noted above, the defendant index produced on April 29, 2011 identifies the phone numbers and wiretapped lines believed to be associated with each defendant.

      C.      In addition to the audio copy of the calls themselves, these CDs contain all information suggested by the Court in its April 19 letter: the date, time and duration of the call; the incoming and outgoing phone numbers; cell-site data; the time and number of minimizations (for non-pertinent calls); whether the call has been deemed pertinent; and the name of the monitoring agent. This information is contained in an HTML file that indexes the information for each call with a link to the audio file for the call itself.

      In addition to the data identified in paragraph 2(C) of the Court's April 19 letter, during the conference call on April 19, the Court indicated that it would like the government to produce to defense counsel an HTML file that also includes a link to any call summaries or transcripts. Counsel for the government have inquired with the Baltimore Police Department and have confirmed that it is possible to prepare such a file. Counsel for the government has requested that such a file be prepared as soon as possible. Due to resource allocation constraints, however, it may be a month or more before the government is able to produce these materials. It should be noted that defense counsel presently have all the data that would be included in such an HTML file, in the form of the CDs discussed above and an Excel spreadsheet with call summaries and other pertinent information for each wiretapped line. The government will provide the updated HTML file as soon as it is ready.

      D.      Some cell-site location data is contained on the CDs previously produced to defense counsel. To the government's knowledge, no further analysis of the cell-site data, beyond the information captured as part of the wiretap, has been conducted as part of this investigation. That is to say, it is the understanding of counsel for the government that the production includes all discovery relating to cell-site data that is currently available. If further cell-site analysis is conducted, the government will produce any additional discoverable material that is created at that time.

      3.      The government continues to assess the feasibility of converting its video evidence into the mp.4 format suggested by the Court. We are in receipt of Mr. Saunders' letter attaching Gabe Saunders' analysis of the video evidence previously produced by the government. The government's litigation support department, which consists of two individuals who support both the Baltimore and Greenbelt offices, have conducted a preliminary analysis and believe that certain of the videos can be converted with relative ease. With respect to other videos, however, the government has concerns that the conversion process may take significant time and will significantly degrade the quality of the video. Additional time is required for the government to review the

analysis conducted by Mr. Gabe Saunders, to determine precisely which videos the government can convert without image degradation, and to propose feasible solutions for the remaining videos. The government respectfully requests permission to file an additional status report regarding this issue on Friday, May 13, 2011. In the meantime, if counsel for any of the defendants would like a copy of the video materials in the current format, we would be happy to produce them and provide technical assistance, if necessary.

    We are happy to address any questions that the Court, or counsel, may have concerning this letter or discovery. Thank you for your consideration of this matter.

    Respectfully Submitted,

    Rod J. Rosenstein
    United States Attorney

By:_____/s/_____
    Benjamin M. Block
    Christopher M. Mason
    Assistant United States Attorneys


cc: All Counsel (via ECF)